**UNITED STATES DISTRICT COURT**

**THE DISTRICT OF NEVADA**

| | |
|---|---|
| ZEV LAGSTEIN, M.D., ) | No. CV-S-03-1075-RCJ |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON DEFENDANTS' MOTION** |
| vs. ) | **TO VACATE THE ARBITRATION** |
| ) | **AWARD, PLAINTIFF'S MOTION TO** |
| CERTAIN UNDERWRITERS AT LLOYDS ) | **STRIKE, AND RELATED MOTIONS** |
| OF LONDON, a foreign insuring entity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendants' Motion to Vacate Arbitration Award (Dkt. 49), Defendants' Supplemental Brief in Support of Motion to Vacate Arbitration Awards of 9/1/06 and 12/15/06 (Dkt. 70), Defendants' Amended Motion to Vacate Memorandum (Dkt. 71), Plaintiff's Cross Motion to Vacate the Award (Dkt. 98), and Plaintiff's Motion to Strike Hazard and Gillers Declarations and Related Exhibits and Further Declaration of Counsel Anna M. Martin and Related Exhibits (Dkt. 83). The Court held a hearing on these motions on May 14, 2007, and made certain findings on the record, which are incorporated herein and discussed below.

**BACKGROUND**

Plaintiff filed this insurance bad faith action on September 5, 2003. (Dkt. 1.) Defendants subsequently moved to stay the action and compel Plaintiff to submit to binding arbitration pursuant to the underlying insurance policy at issue. (*See* Dkt. 22.) The matter proceeded to arbitration on July 11, 2006 through July 14, 2006 by an arbitration Panel comprised of Ralph O. Williams III, Esq., the Honorable Jerry C. Whitehead (retired), and the Honorable Charles E. Springer (retired).

1    On August 31, 2006 a Majority of the Panel (Arbitrators Whitehead and Springer) the ("Majority") issued a *Decision of Arbitration Panel and Award*, finding in favor of Lagstein on all claims and awarding (1) $900,000 in damages for breach of contract, bad faith, and repudiation of the insurance contract, (2) $1,500,000 in bad faith compensatory/emotional distress damages, (3) $350,000 in attorneys' fees, and (4) interest. (Dkt. 45.) The Majority further determined that punitive damages would be assessed against Defendants, and set a future hearing to consider the amount of the punitive award. (*Id.*) Arbitrator Williams filed a dissent. (Dkt. 46.)

On December 1, 2006, Defendants filed their Motion to Vacate Arbitration Award (Dkt. 49) and various declarations and exhibits in support of the award (including newspaper articles) and the declarations of Geoffrey C. Hazard, Jr. (Dkt. 50), and Stephen Gillers (Dkt. 51). Plaintiff moved to stay proceedings on the Motion until the arbitration proceeding had been completed. (Dkt. 60.) The Court granted the stay request, and ordered Defendants to file a supplemental brief within twenty days of the arbitration award. (Dkt. 62.)

On November 21-22, over Defendants' objection, the Panel held the hearing they previously ordered to decide the amount of the punitive damages award. On December 15, 2006 the Majority issued the *Arbitrators' Majority Decision and Punitive Damages Award* and awarded punitive and exemplary damages against Defendants and in favor of Plaintiff in the amount of $4,000,000. (Dkt. 63.) Arbitrator Williams filed a *Dissent from Arbitrators' Majority Decision and Punitive Damages Award*. (Dkt. 69.)

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") authorizes district courts to enforce or vacate an arbitration award entered pursuant to a contractual arbitration agreement between parties. 9 U.S.C. §§ 9-11. Under the FAA, judicial review is limited and highly deferential. *See Sheet Metal Workers Int'l Ass'n No. 359 v. Arizona Mechanical & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir. 1988). The FAA sets out specific grounds a Court may vacate an arbitration award, including:

    (1) where the award was procured by corruption, fraud, or undue means;

    (2) where there was evident partiality or corruption in the arbitrators, or either of them;

    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

    (4) where the arbitrators exceeded their powers, or so imperfectly executed them hat a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition to these statutory grounds, courts may vacate an arbitration award that is irrational or exhibits a "manifest disregard of the law." *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991).

## DISCUSSION

**I.**    <u>**Motion to Vacate**</u>

The total size of the award shocks the Court's conscience, is biased, and cannot stand. Despite the fact Dr. Lagstein began working again in December 2002, the panel majority nevertheless accelerated the sums due under the policy and granted $900,000 in benefits. The Panel also awarded $1,500,000 in emotional distress damages. The record does not support these figures, and they are in manifest disregard of the law. Furthermore, the Majority's award of punitive damages went beyond the jurisdiction of the arbitration, which expired on September 1, 2006, pursuant to the express agreement of the parties. The size of the punitive damages award is also excessive. Taken together, the size and scope of the awards shock the Court's conscience and contravene public policy. They must be overturned. The Panel exceeded its powers in entering these awards and retaining jurisdiction to enter untimely punitive damages awards. The Court rejects Defendants' remaining grounds for vacating the award, and finds that there has been no showing of an inappropriate relationship or contact between the judges, nor a failure to disclose information that would warrant vacating the award. For these reasons, and the reasons stated on the record, the Award is vacated.

### II. Motions to Strike and Sanctions

For the reasons set forth on the record, the Declarations of Hazard and Gillers are stricken. Any other declaration/affidavit or support submitted by Defendants that relies on newspaper articles is stricken. The Court finds that Defendants' reliance on newspaper articles is improper and warrants sanctions. The Court will set the amount of sanctions in a separate order after reviewing the affidavit concerning attorneys' fees to be submitted by Plaintiff's counsel.

### III. Other Filings

Defendants have also filed: (1) Motion for Leave to File Certified Copies of Exhibits and Request for Judicial Notice (Dkt. 115); and (2) Motion to Strike Reply to Response to Motion, or in the Alternative, for Leave to File Surreply (Dkt. 116). The Court denies these motions as moot.

### CONCLUSION

Accordingly,

**IT IS ORDERED** the Motion to Strike (Dkt. 83) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** Defendants are assessed with sanctions in an amount to be set in a separate order.

**IT IS FURTHER ORDERED** the Amended Motion to Vacate (Dkt. 71) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Confirm (Dkt. 98) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Leave to File Certified Copies of Exhibits and Request for Judicial Notice (Dkt. 115); and Motion to Strike Reply to Response to Motion, or in the Alternative, for Leave to File Surreply (Dkt. 116) are **DENIED** as moot.

DATED:   August 14, 2007

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE