UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZEV LAGSTEIN, M.D., ) | Case No.: 2:03-cv-01075-GMN-LRL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| LLOYD'S UNDERWRITER AT ) | |
| LONDON, a foreign insuring entity, ) | |
| ) | |
| Defendant. ) | |

## **INTRODUCTION**

Before the Court is Plaintiff Zev Lagstein's Motion for an Order Confirming the Arbitration Award and Enter Judgment and for an Award of Post-Award Interest and Arbitrator Fees (ECF No. 162). Defendant Lloyd's Underwriter at London filed a Response (ECF No. 164) as well as a Cross-Motion for Return of Overpayment of Arbitrator Fees (ECF No. 165) and a Request for Oral Argument (ECF No. 166).

Plaintiff filed a Reply (ECF No. 167) as well as a Response to the Motion for Return of Overpayment (ECF No. 168) and a Cross-Motion regarding Additional Post-Award Interest Due (ECF No. 169). Defendant filed a Reply to the Motion for Return of Overpayment (ECF No. 171) and a Response to Plaintiff's Cross Motion regarding Additional Post-Award Interest (ECF No. 172). Plaintiff filed a Reply for the Cross Motion regarding Additional Post-Award Interest (ECF No. 173).

Also before the Court is Plaintiff's Motion for Attorney Fees and Costs (ECF No. 153). A timely Response was filed by Defendant (ECF No. 160) and Plaintiff filed a Reply (ECF No. 153).

# FACTS AND BACKGROUND

Plaintiff sued Defendant in this Court on several causes of action related to Defendant's failure to provide disability benefits under an insurance policy. The Court stayed the litigation pending arbitration required by the policy. The arbitration panel awarded Plaintiff $2.4 million in compensatory damages for breach of contract and emotional distress, and later awarded him $4 million in punitive damages. The Honorable Robert C. Jones vacated the awards finding that they were excessive, in manifest disregard of the law, and that the punitive damages award contravened public policy and exceeded the panel's jurisdiction. The Court of Appeals reversed and remanded, holding that: (1) excess is not a statutorily permissible reason to vacate an award under § 10(a) of the Federal Arbitration Act, 9 U.S.C. § 10(a); (2) the panel did not manifestly disregard the law; and (3) the panel did not exceed its jurisdiction when it held a successive hearing on punitive damages, because the timing of the award was procedural matter, the panel's interpretation of which was plausible. The Court of Appeals instructed the Court to confirm the awards on remand.

Plaintiff brings the instant motions to (1) confirm the arbitration awards; (2) request post-award (pre-judgment) interest; (3) request a proper allocation of the arbitrator's fees; (4) request an award of attorney's fees and costs. Defendant counters with a request for a return of overpayment.

# DISCUSSION

**1.     Motion to Confirm the Awards**

The Court of Appeals instructed this Court to confirm the arbitration awards of the arbitration panel. The panel awarded Lagstein (1) contract damages (totaling $900,000), (2) damages for the implied covenant of good faith and fair dealing (totaling $1.5 million), (3) attorneys' fees for the arbitration proceeding (totaling $350,000), (4) punitive damages (totaling $4 million), (5) one-half of the arbitrator fees (the principal currently due totaling $21,520.94), and (6) pre-award interest on the contract damages totaling $193,950.17 as of November 22, 2006. (*See* ECF Nos. 45 & 63.) The Court affirms the arbitration awards, however there is dispute over what constitutes the appropriate amount of one-half of the arbitrator fees as discussed *infra*, section 3.

**2.     Post Award Interest**

Before the Court can determine whether or not grant Plaintiff's motion for post-award interest it is crucial to clarify the different time periods in question for which the Court could award interest. The parties and cases they cite to for their arguments use various names despite the fact they appear to be referencing the same time period. For example, since this case involves an arbitration award and then a judgment by the district court on the award, the time period after the award was given until the date of judgment is referred to by the parties as "prejudgment," and "post-award interest. Accordingly, the Court will clarify these three time periods in the following manner:

>   (1) "pre-award" interest will be used to refer to interest that pre-dates the arbitrator's final award of a sum certain.;

(2) "post-award (pre-judgment)" interest will be used to refer to interest that runs from the date of the award until entry of a judgment confirming the award.; and (3) "post-judgment" interest will refer to interest that runs after the entry of judgment confirming the arbitrations award.

Plaintiff is requesting a determination of post-award (pre-judgment)interest. Plaintiff argues that he is entitled to interest at the pertinent state rates from the date of the entry of the award to the date the award is reduced to a formal judgment and then interest at the federal interest rate pursuant to 28 U.S.C. § 1961 after the court enters judgment confirming the award. *AT&T Co. v. United Computer Systems, Inc.*, 98 F.3d 1206 (9th Cir. 1996).  Plaintiff asks for a post-award (pre-judgment) determination of interest pursuant to N.R.S. § 17.130.  Plaintiff argues that under N.R.S. 17.130 an arbitration award would draw interest from the time of the entry of the award until satisfied.  Defendant argues that Plaintiff is not entitled to any post-award interest because the current entry of judgment is the only operative judgment for which the court may award interest and therefore any interest that would be awarded would be prejudgment interest which is expressly precluded by state and federal law.  Defendant argues that any interest that would be awarded for the time period prior to this Court's judgment confirming the arbitration award would be "pre-judgment" interest and that any award of "pre-judgment" interest from the date of the award until entry of judgment constitutes a prohibited modification of the award.

The general rule is that state law is used to determine the award of prejudgment interest in diversity actions but that federal law is used to determine the award of post-judgment interest in diversity actions. *Northrop Corp. v. Triad Intern Marketing, S.A.*,

842 F.2d 1154 (9th Cir. 1988). An arbitrators' award is not a judgment. Rather, until the award is reduced to judgment by a court the other party is under no legal obligation to pay it. *SeePMX Indus, Inc. v. LEP Profit Int'l*, 31 F.3d 701, 704 (8th Cir. 1994).

Although, the parties have not cited to any, and this Court has not found Nevada authority directly on point, it appears, based on the authority that has been provided to this Court, that if this issue were to arise before the Nevada Supreme Court, that Court would not consider an award of interest from the time of the award until final judgment to fall within the category of post-judgment interest. In *Mausback v. Lemke*, 866 P.2d 1146 (Nev. 1994), the court held that the district court could not grant pre-judgment interest on an arbitration award under N.R.S. 38.155.[1] However, the court instructed that the "ruling [does not] preclude the district court from awarding post-judgment interest, commencing from the date of entry of the award itself." *Id.* at 1150 (citing *Creative Builders v. Avenue Developments, Inc.*, 715 P.2d 308, 313 (Ariz. Ct. App. 1986)). Therefore, it appears that under Nevada law this Court cannot grant post-award interest from the date of the entry of the award under N.R.S. 17.130 because that would be considered post-judgment interest.

---

[1] Before N.R.S. 38.155 was repealed it provided:
   1. Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:
     (a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
     (b) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
     (c) The award is imperfect in a matter of form, not affecting the merits of the controversy.
   2. If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.
   3. An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

Post-judgment interest may only be determined according to federal law in diversity cases. Therefore, this court is strictly precluded under Nevada law from granting post-award (pre-judgment) interest because Nevada considers post-award interest to actually be awarded as post-judgment interest. Accordingly, the Court must look to federal law to determine if it is authorized to award post-award (pre-judgment) interest.

It is clear that under *Planned Parenthood of Columbia/Willamette Inc. v. American Coalition of Life Activities*, 518 F.3d 1013 (9th Cir. 1008), the district court can only award post-judgment interest from the date of the second judgment on remand unless the mandate directs otherwise. In this case when the Ninth Circuit remanded the case to district court to reinstate the arbitration award it did not include in the mandate that post-judgment interest should accumulate from any date sooner than the date of the second judgment on demand. (*See* Mandate, ECF No. 155.)

The Court recognizes that not allowing post-award interest in this case appears to be at odds with the "national policy favoring arbitration" as an alternative to jury trials. *Southland Corp.v. Keating*, 465 U.S. 1, 10, 104 S.Ct. 852 (1984). However, this is not the case. The arbitrators have it within their power to award post-award (pre-judgment) interest. Thus, the arbitrators could have simply awarded pre-judgment interest to accumulate until the judgment was confirmed in district court. In this case, the arbitrators did specifically consider pre-judgment interest and only awarded an amount they saw fit.

Plaintiff argues that post-award interest should be allowed in this case based on *Northrop Corp. v. Triad Intern. Marketing, S.A.* 842 F.2d 1154 (9th Cir. 1988) and *AT&T*

*Co. v. United Computer Systems, Inc.*, 98 F.3d 1206 (9th Cir. 1996).  In *Northrop Corp.*, the district court vacated an arbitration award and the court of appeals reversed with orders on remand to enter judgment enforcing the award. 842 F.2d 1154.  The Ninth Circuit Court of Appeals held that the effective date of judgment should be the date of the district court's order vacating the arbitration award.  In *Northrop*, the pre-judgment interest rate was lower than the post-judgment interest rate.  In so holding, the court concluded that awarding post-judgment interest from the date of the first entry of judgment was more consistent with the purpose of § 1961:

> [T]he purpose of section 1961 is to 'ensure[ ] that the plaintiff is further compensated for being deprived of the monetary value of the loss from the date of ascertainment of damages until payment by defendant.... Where, as here, the initial ascertainment of damages is left standing but a delay occurs between the date of that ascertainment and the date of the eventual entry of judgment based on that ascertainment, the result should not differ.'
>
> ... In both cases liability has been determined and the amount due has been fixed by a neutral factfinder.

*Id.*  Accordingly, the court found that because the prevailing party would be "further compensated" by calculating post-judgment interest from the date of the prior judgment, and because the damages were sufficiently ascertained at that time, the equitable exception should be extended to arbitration cases.

In *AT&T Co. v. United Computer Systems, Inc.*, 98 F.3d 1206 (9th Cir. 1996), the court was faced with a situation where the post-judgment interest rate was less than the pre-judgment interest rate.  In order for the prevailing party to be more fully compensated the court held that pre-judgment interest should apply until the judgment following

remand and that post-judgment interest applied after that date.  In that case, the state interest rate for post-award (pre-judgment) interest is higher than the federal post-judgment interest rate.  Therefore, for purposes of calculating interest, the effective date of judgment is the date this court enters judgment following remand.  The *AT&T* decision adopted the reasoning from *Northrop* that the prevailing party should be award interest at the rates that would "further compensate" him or her.

However, both the *Northrop* and *AT&T* decisions applied California law and there was no dispute over whether or not pre-judgment interest should be allowed.  In the court's reasoning in both cases it is clear that the concern was that in arbitration cases a successful plaintiff should be further compensated for being deprived of the compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.  The successful plaintiff is further compensated by an award of post-judgment interest.  The same concern lies here, however Plaintiff has failed to demonstrate that this Court has the authority to award post-award (pre-judgment) interest.

Under the Federal Arbitration Act, modification or revision of an arbitration award is limited to those grounds established by Congress.  *Lagstein*, 607 F.3d at 647.  The exclusive grounds for modifying an award are contained in 9 U.S.C. § 11, which allows for modification:

> **(a)** Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> **(b)** Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

     **(c)** Where the award is imperfect in matter of form not affecting the merits of the controversy.

9. U.S.C. § 11.  This Court does not find that any of these grounds apply.  Given the fact that the arbitrators had the opportunity to grant post-award (pre-judgment) interest, this court is restricted from modifying the award.

     However, Plaintiff may not be foreclosed from recovering post-award (pre-judgment) interest.  It is apparent from the arbitrator's award that the pre-judgment interest awarded pursuant to N.R.S. 689A.410(1) was meant to continuously run till the date the award was paid.  The original arbitrator's award states:

> B. INTEREST
>
> The Panel awards to Lagstein interest on his contract damages, as set forth in NRS 689A.410(1). The Panel finds that the "30 days after the claim is approved" shall constitute 30 days after January 17, 2002, the date Lloyd's had to accept the claim. Lagstein shall submit an appropriate accounting of said interest to the Panel by September 15, 2006. Lloyd's shall lodge any objections it has to the calculations by October 1, 2006.

(Notice First Arb. Award, Ex. 1, p. 11, ECF No. 45-1.)  N.R.S. 689A.410(1) provides:

> Except as otherwise provided in subsection 2, an insurer shall approve or deny a claim relating to a policy of health insurance within 30 days after the insurer receives the claim. If the claim is approved, the insurer shall pay the claim within 30 days after it is approved. Except as otherwise provided in this section, if the approved claim is not paid within that period, the insurer shall pay interest on the claim at a rate of interest equal to the prime rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, on January 1 or July 1, as the case may be, immediately preceding the date on which the payment was due, plus 6 percent. **The interest must be calculated from 30 days after the date on which the claim is approved <u>until</u> the date on which the claim is paid.**

N.R.S. 689A.410(1)(emphasis added).  The language from the statute indicates that interest will run until the date which the claim is paid.  The original award states that

interest is awarded as set forth in N.R.S. 689A.410(1) and in no way limits the terms of the statute.

Defendant argues that pre-judgment interest was limited by the arbitration panel. The amended award revisited the interest issue and states:

> E.     INTEREST ON AWARD
>
> The Panel is in agreement that the interest due under the contract damage award as of November 22, 2006 is ONE HUNDREDNINETY-THREE THOUSAND NINE HUNDRED FIFTY and17/100 DOLLARS ($193,950.17) and adopts Arbitrator Ralph Williams' spread sheet.

(Notice Final Arb. Award, pg. 11, ECF No. 62.)  Defendant argues that by limiting the interest calculation to the time period ending on November 22, 2006 that the arbitration panel did not award pre-judgment interest going forward.  Plaintiff argues that the language "as of" November 22, 2006 in no way limited the prejudgment interest to the sum of $193,950.17.  The Court finds that Plaintiff's interpretation fits with the purpose and language of N.R.S. 689A.410(1) to mean that the interest was awarded to accrue until the claim was paid.

Accordingly, Plaintiff is entitled to post-award (prejudgment) interest on his contract damages of $900,000.00 under N.R.S. at a rate of 10.75% from November 23, 2006 until the date the award was paid, December 20, 2010.  Plaintiff is not entitled interest on his compensatory or punitive damages, his attorneys' fees or pre-judgment interest as assigned by the first or final arbitration award because there is no indication by the arbitration panel that interest was supposed to run on those awards.  Plaintiff is also entitled to any post-judgment interest that accrues from the date of this Order.  Plaintiff is

ORDERED to submit to the Court a new calculation of interest as well as a proposed order awarding the interest.

### 3. Arbitrator Fees

According to Defendant the parties' arbitration agreement stated that the arbitrator fees would be split evenly.  On October 28, 2005, the arbitrators interpreted that agreement as requiring that Plaintiff would pay his chosen arbitrator, Defendant would pay its chosen arbitrator, and the parties would split the fees for the third arbitrator. (Martin Decl. Ex. A, ECF No. 164–1).  However, in the initial arbitration award, the arbitrators shifted the costs for the arbitration entirely to Defendants.  One arbitrator dissented explaining that under the AAA rules the arbitrators do not have the power to shift arbitrator fees in contravention of the parties intent. (Notice First Arb. Award, Ex. 1, p. 11, ECF No. 45-1.)  Subsequently, the arbitrators reversed its finding and found that the arbitrators should be equally split between the parties. (Notice Final Arb. Award, pg. 11, ECF No. 62.)

Plaintiff now argues that pursuant to the arbitration panel's final award the arbitrators fees should be split equally.  This Court agrees and finds that the arbitrator's fees should be split equally.  Although Defendant cites to the dissent for his argument that the original finding of the arbitrators means that each party should pay their chosen arbitrator and then split the fees for the third arbitrator, that is not really what the dissent stated. Instead, the dissent stated that under the insurance policy's arbitration paragraph, "[c]osts for the arbitration shall be equally split among the parties. . . . This specific expression of the Parties' intent controls over any general provision of the AAA rules."

(Dissent First Arb. Award, pg. 13, ECF No. 46.)  Thus, the expression of the parties' intent in the arbitration agreement is what controls, not what the arbitrators initially interpreted the arbitration agreement to say.  Given that the parties initially agreed to split arbitration costs it follows that the arbitrators' decision to equally split the fees means that the total cost of the arbitrators should be split 50-50.  Therefore, the court awards Plaintiff $21,520.94 in arbitrator fees.[2]

### 4.     Attorney Fees

Plaintiff argues that it is entitled to attorneys' fees pursuant to N.R.S. 689A.410(5) which states: "[a] court shall award costs and reasonable attorney's fees to the prevailing party in an action brought pursuant to this section."  Defendants argue that under the Federal Arbitration Act (FAA) this court has no authority to modify the arbitration award by awarding additional attorneys' fees or non-taxable costs.  Attorneys' fees are not available under the Federal Arbitration Act. *See Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir.1994) ("[T]here is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts.").

Ordinarily, when a federal court sits in diversity, state law applies when deciding whether to allow attorney's fees because those fees are connected to the substance of the case. *See In re Larry's Apartment, L.L.C.*, 249 F.3d 382 (9th Cir. 2001).  However, when a federal court sits in diversity and the court is confirming or vacating an arbitration

---

[2] Plaintiff requests an award of interest on the arbitration fees amount.  However for the reasons given *supra*, section 2, this Court will not award interest on this amount.

award, federal procedural rules apply to the issue of whether or not attorney fees should be granted.  *See Kim-C1, LLC v. Valent Biosciences Corp.*, 756 F.Supp.2d 1258 (E.D.Cal. 2010)("there is a strong default presumption that the FAA provides the governing procedural rules, including review of the arbitration award for purposes of confirmation and vacatur.").  Therefore, in order for Plaintiff to recover its attorneys' fees incurred while getting the arbitration award confirmed, Plaintiff must show that there is federal authority that authorizes such an award.

Each party in a lawsuit ordinarily shall bear its own attorney's fees; this is known as the "American Rule." *Hensley v. Eckerhart*, 461 U.S. 424, 429 103S.Ct. 1933, 1937 (1983).  Federal courts may, however, award attorney fees if there is a valid contract that provides for the award, an express statutory authority or rule authorizing the award, or if the court awards fees pursuant to its inherent equitable power in the interest of justice. *See U.S. v. Standard Oil Co. of California*, 603 F.2d 100 (9th Cir. 1979).  Plaintiff does not argue that there exists a valid contract which authorizes them to receive attorneys' fees in conjunction with confirming an arbitration award.  Plaintiff only cites to a Nevada statute for the authority to grant the attorney's fees.  However, the statute that provides for the award of attorneys' fees is substantive in nature relating only to an action brought to recover damages under the Nevada Unfair Claims Practices Act.  Thus, while it was proper for the arbitration panel to award attorneys' fees based on the substance of the underlying claim applying Nevada law it would be improper for this court to apply Nevada law.  Petitioning this court to confirm an award is strictly a procedural matter that is governed by the FAA.  Since Plaintiff has failed in its burden to demonstrate that the

FAA (or any other applicable statute) provides for an award of attorney's fees, this Court denies the motion. *See Metzler Contracting Co. LLC v. Stephens*, 774 F.Supp.2d 1073 (D.Hawaii, 2011).

Plaintiff also asks for $10,115.50 for computerized legal research charges, which are non-taxable expenses, in place of a sanction award that Judge Jones indicated would be given against Defendant for their reliance on a newspaper article to support their declaration/affidavit. (*See* Order, pg. 4 ECF No. 128.)  However, the intentions of Judge Jones are not entirely clear from the record, this Court will not award the legal research charges in place of the sanction.

**5.     Return of Overpayment**

Defendant requests that this Court order Plaintiff to return money he obtained from this Court's registry in excess of that to which he was entitled- an amount totaling $372,025.17.  Defendant makes this request on the assumption that Plaintiff will not be awarded interest, his share of the arbitrator's fees or attorneys' fees.  However, since this court is awarding Plaintiff arbitrators fees and interest, the Court will not order a return of the money at this time.

## CONCLUSION

IT IS HEREBY ORDERED Plaintiff Zev Lagstein's Motion for an Order Confirming the Arbitration Award and Enter Judgment and for an Award of Post-Award Interest and Arbitrator Fees (ECF No. 162 and 169) are GRANTED in part and DENIED in part.

1  The Court HEREBY Confirms the Arbitration Award and Judgment is entered in
2  favor of Plaintiff.
3  Plaintiff is awarded additional arbitrator's fees in the amount of $21,520.94.
4  Plaintiff is awarded interest on his contract damages of $900,000.00 at a rate of
5  10.75% from November 23, 2006 until the date the award was paid, December 20, 2010
6  and any post-judgment interest that accrues from the date of this Order.  Plaintiff shall
7  submit to the Court a new calculation of interest as well as a proposed order awarding the
8  interest.
9  IT IS HEREBY ORDERED that Plaintiff's Motion for Attorneys Fee's (ECF No.
10 153) is DENIED.
11 IT IS FURTHER ORDERED that Defendant Lloyd's Cross-Motion for Return of
12 Overpayment of Arbitrator Fees (ECF No. 165) and a Request for Oral Argument (ECF
13 No. 166) are DENIED.
14
15 DATED this __15__ day of __September__, 20__.11

_____
Gloria M. Navarro
United States District Judge